# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LIZ GAITAN, | : | CIVIL ACTION NO. |
| BOP Reg. # 66047-019, | : | 1:18-CV-1505-SCJ-JCF |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:15-CR-258-SCJ-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|    Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On April 6, 2018, Movant, a federal prisoner, filed a counseled 28 U.S.C. § 2255 motion to vacate the 48-month sentence she received on January 21, 2016 after the entry of her guilty plea in this Court. (Doc. 23; *see* Doc. 6; Doc. 7 (Feb. 2, 2016 entry of Movant's judgment of conviction)). Movant claims that she received ineffective assistance when counsel failed to consult with her about filing an appeal. (Doc. 23-1 at 6-9). She acknowledges that under § 2255(f) her motion is untimely, but argues that "because re-entry of judgment in the criminal case is a judicial remedy, and not a statutory remedy, the Court is not barred from granting relief" (*id.* at 9) — namely, to "dismiss [her] § 2255 motion without prejudice, and re-enter judgment anew so that [she] may . . . perfect a timely appeal" (*id.* at 11-12).

I. **The Timeliness Issue.**

A 28 U.S.C. § 2255 motion is governed by a one-year statute of limitations, which runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Absent one of the circumstances set forth in paragraphs (2)-(4) above — and there is no indication that any such circumstance exists here — the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final.

Movant's judgment of conviction was entered on February 2, 2016. (Doc. 7). Her conviction became final under § 2255(f)(1) on February 16, 2016, at the close of the 14-day direct appeal window. *See* Fed. R. App. P. 4(b)(1). Movant thus had until February 16, 2017 to file a timely § 2255 motion, but she waited until April 6, 2018

2

to do so. (*See* Doc. 23). Under the provisions of § 2255(f), unless equitable tolling applies or Movant is actually innocent of her crime of conviction — and Movant does not claim either as a basis for overcoming the time bar — her § 2255 motion is untimely. *See Holland v. Florida*, 560 U.S. 631, 649, 653 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence" (citation and internal quotations omitted)); *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly. . . . [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . The petitioner bears the burden of showing that equitable tolling is warranted." (internal quotations omitted)); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928,

3

1936 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)); *Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* standard in guilty plea context: "Petitioner's [procedurally barred] claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent" — if, that is, he can "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" (internal quotations omitted)).

The Government's approach to this case, however, raises a more fundamental question — whether it waived the statute of limitations defense because it did not raise the defense in its initial response to Movant's § 2255 motion, in which it addressed only the merits of her claim despite Movant herself having broached the timeliness issue. (Doc. 26). Only after this Court ordered it to do so (Doc. 28) did the Government address the § 2255 motion's timeliness. (Doc. 29). But, as shown below, the Government's delay is not dispositive here.

4

AO 72A
(Rev.8/82)

Federal courts "have the authority . . . to raise a forfeited timeliness defense on their own initiative," although "appellate courts should reserve that authority for use in exceptional cases" — and not a case in which the respondent has deliberately waived the defense. *Wood v. Milyard*, 566 U.S. 463, 473-74 (2012); *see Day v. McDonough*, 547 U.S. 198, 209-10 (2006) ("district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *see* also *In re Jackson*, 826 F.3d 1343, 1348-49 (11th Cir. 2016) (applying *Day* in the § 2255 context).

Movant argues that the Government deliberately waived the statute of limitations defense by not raising it in its initial response to her § 2255 motion, after she "preemptively addressed the timeliness considerations in her [] motion. [T]he Government was well aware it had a statute of limitations defense. '[Y]et it chose . . . to refrain from interposing a timeliness challenge' to [her] motion. Thus, the Government knowingly waived a limitations defense . . . ." (Doc. 30 at 5 (quoting *Wood*, 566 U.S. at 474)). But Movant's reliance on *Wood* is misplaced. The Supreme Court noted in *Wood*:

In the District Court, the State was well aware of the statute of

5

>limitations defense available to it and of the arguments that could be made in support of the defense. Yet the State twice informed the District Court that it "will not challenge, but [is] not conceding" the timeliness of Wood's petition. *Essentially, the District Court asked the State: Will you oppose the petition on statute of limitations grounds? The State answered: Such a challenge would be supportable, but we won't make the challenge here.*

*Wood*, 566 U.S. at 474 (citations omitted; emphasis added). The Supreme Court ruled that in those circumstances it was an abuse of discretion for the Tenth Circuit to ignore the district court's merits review of Wood's petition and dismiss the petition on statute of limitations grounds. *Id.* (noting that "the State . . . deliberately steered the District Court away from the question and towards the merits of Wood's petition").

The situation here is different. Following *Day*, "federal courts [are afforded] leeway to consider a forfeited timeliness defense" *sua sponte* "because AEDPA's statute of limitations, like the exhaustion doctrine, 'implicat[es] values beyond the concerns of the parties.' " *Wood*, 566 U.S. at 472 (quoting *Day*, 547 U.S. at 205). Movant's opposition to the Court's giving the Government "a second bite at the apple" (Doc. 30 at 6) misses the point — this Court may properly bite into that apple on its own initiative. But because the Government's silence on the timeliness issue in its initial response left open the possibility that it intended to waive the statute of limitations defense, the Court ordered supplemental briefing to determine whether the

6

Government wished to intentionally relinquish or abandon the defense. *See Wood*, 566 U.S. at 474.

By forcefully arguing in its response that the statute of limitations should be enforced here, the Government has clarified that it did not intend to waive the timeliness defense. As in *Wood*, this Court "asked the [Government]: Will you oppose the [motion] on statute of limitations grounds?" *See id*. Here, unlike in *Wood*, the Government answered by opposing the motion on those grounds. (Doc. 29). Finding no reason why, in these circumstances, this Court may not address the timeliness issue, the undersigned concludes, based on the undisputed record before the Court, that Movant's § 2255 motion, filed more than a year after the statute of limitations expired, is untimely.

Movant's attempt to distinguish a statutory § 2255 remedy from a "judicial remedy" — which would allow an out-of-time appeal without concern for the one-year limitations period (Doc. 23-1 at 9-11) — is based entirely on Fifth Circuit caselaw and is not relevant here. To the contrary:

> When the district courts of *[the Eleventh] circuit* conclude that an out-of-time appeal in a criminal case is warranted *as the remedy in a § 2255 proceeding*, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed;

7

> (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (emphasis added). Because the remedy Movant seeks is "the remedy in a § 2255 proceeding," *id.*, her motion is governed by the procedural requirements that apply to all § 2255 motions, including the one-year limitations period, 28 U.S.C. § 2255(f), which bars merits review of her claim. Indeed, as noted above, Movant has admitted that her motion is untimely if § 2255(f) applies here. (*See* Doc. 23-1 at 9).

## II.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's § 2255 motion (Doc. 23) be **DISMISSED as time-barred**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 16th day of October, 2018.

>  /s/ *J. CLAY FULLER*
> J. CLAY FULLER
> United States Magistrate Judge

AO 72A
(Rev.8/82)