# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LIZ GAITAN, | : | CIVIL ACTION NO. |
|     Movant, | : | 1:18-CV-1505-SCJ-JCF |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-258-SCJ-JCF-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | MOTION TO VACATE |
| | | 28 U.S.C. § 2255 |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant 28 U.S.C. § 2255 motion to vacate be denied. [Doc. 31]. Movant has filed her objections in response to the R&R. [Doc. 33].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

In the R&R, the Magistrate Judge recommends that Movant's § 2255 motion be denied as untimely because, as she admits, she filed her motion over a year after the § 2255(f) statute of limitations had run.

In her objections, Movant presents two issues. The first is whether the Government waived the statute of limitations defense. In her original motion, Movant admitted that the limitations period had run. In its response, the Government failed to raise the timeliness issue. The Magistrate Judge then ordered the Government to address the issue, and, in response to that order, the Government stated that it did not intend to waive the defense and argued that the motion should be denied as untimely.

According to Movant, the Government's failure to address the statute of limitations defense after she had admitted that her motion was untimely acted as an express waiver, and the Magistrate Judge erred in raising the matter *sua sponte* and permitting the Government to rely on the defense after its waiver. However, this Court agrees with the Magistrate Judge's interpretation of Wood v. Milyard, 566 U.S. 463 (2012). In Wood, the Supreme Court held that it was error to dismiss a § 2254 petition on timeliness grounds when the respondent "deliberately steered the District Court away from the [timeliness] question and towards the merits of Wood's petition" after the judge asked the respondent whether he would "oppose the petition on statute of limitations grounds." Id. at 474. Here, in response to the Magistrate Judge's same question, the Government announced that it did not waive the § 2255(d) defense.

Movant next contends that the remedy that she seeks, an out-of-time appeal based on her contention that her trial counsel was ineffective for failing to consult with

2

her about her appeal rights, is a judicial remedy instead of a statutory remedy, and the statute of limitations thus does not apply.

Again, however, this Court agrees with the Magistrate Judge's conclusion that the only avenue available to Movant to obtain the relief she seeks is under § 2255, which requires that she bring her motion within one year of the day her conviction became final. As she failed to do so, her motion is untimely and subject to dismissal.

Accordingly, the R&R, [Doc. 31], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 23], is **DENIED**.

This Court further agrees with the Magistrate Judge that Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to close Civil Action Number 1:18-CV-1505-SCJ.

**IT IS SO ORDERED**, this 14th day of November, 2018.

s/Steve C. Jones  
STEVE C. JONES  
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)